UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JAMES A. MANFREDONIA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 12-10480-JLT |
| | * | |
| UNUM LIFE INSURANCE COMPANY | * | |
| OF AMERICA and UNUM GROUP, | * | |
| | * | |
| Defendants. | * | |

ORDER

December 12, 2012

TAURO, J.

After considering Defendants' Motion to Transfer Venue [#7] and Plaintiff's Opposition [#13] and First Amended Complaint [#3], this court hereby orders that Defendants' Motion to Transfer Venue [#7] is ALLOWED.

A court may transfer a civil action to any district where it may have been brought initially "[f]or the convenience of parties and witnesses, in the interest of justice."[1] The court concludes that this case could have been brought initially in the District Court for the District of New Jersey and that the interests of convenience and justice warrant transfer.[2] Although the court gives deference to Plaintiff's choice of forum, Plaintiff is a resident of New Jersey, not Massachusetts.[3]

---

[1] 28 U.S.C. § 1404.

[2] See e.g., Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000) (listing factors that the court may consider when evaluating a motion to transfer); Momenta Pharm., Inc. v. Amphastar Pharm., Inc., 841 F. Supp. 2d 514, 522 (D. Mass. 2012) (same).

[3] See McEvily v. Sunbeam-Oster Co., 878 F. Supp. 337, 344 (D.R.I. 1994).

1

The case involves a New Jersey-specific long-term disability insurance policy and asserts claims under New Jersey state law.  A significant number of identified nonparty witnesses reside in either New York or New Jersey, outside the reach of this court's subpoena power under Rule 45.  Thus, after weighing the relevant factors, the court, in the exercise of its discretion, transfers this case to the District Court for the District of New Jersey.

THIS CASE IS HEREBY TRANSFERRED.

IT IS SO ORDERED.

/s/ Joseph L. Tauro
United States District Judge